UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOE HARRIS,                        )     No. CV 10-0798-RC
                                   )
        Plaintiff,                 )
                                   )     OPINION AND ORDER
    v.                             )
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
        Defendant.                 )
_____)

    Plaintiff Joe Harris filed a complaint on February 5, 2010,
seeking review of the Commissioner's decision denying his application
for disability benefits.  On July 9, 2010, the Commissioner filed an
answer to the complaint, and the parties filed a joint stipulation on
September 9, 2010.


                          **BACKGROUND**

    On April 2, 2007, plaintiff, who was born on November 5, 1952,
applied for disability benefits under the Supplemental Security Income
program ("SSI") of Title XVI of the Act, claiming an inability to work
//

1   since June 1, 2003,[1] due to breathing problems, headaches, high blood

2   pressure, and left leg problems.  A.R. 14, 24-25, 130.  The

3   plaintiff's application was initially denied on July 20, 2007.  A.R.

4   66-69.  The plaintiff then requested an administrative hearing, which

5   was held before Administrative Law Judge Stuart M. Kaye ("the ALJ") on

6   May 21, 2008.  A.R. 26-51, 71.  On September 22, 2008, the ALJ issued

7   a decision finding plaintiff is not disabled.  A.R. 11-23.  The

8   plaintiff appealed this decision to the Appeals Council, which denied

9   review on November 19, 2009.  A.R. 4-10.

10

11                              **DISCUSSION**

12                                 **I**

13        The Court, pursuant to 42 U.S.C. § 405(g), has the authority to

14   review the decision denying plaintiff disability benefits to determine

15   if his findings are supported by substantial evidence and whether the

16   Commissioner used the proper legal standards in reaching his decision.

17   Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v.

18   Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).

19

20        The claimant is "disabled" for the purpose of receiving benefits

21   under the Act if he is unable to engage in any substantial gainful

22   activity due to an impairment which has lasted, or is expected to

23   last, for a continuous period of at least twelve months.  42 U.S.C.

24   § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the

25

26        [1]  On June 4, 2003, plaintiff previously applied for SSI
     benefits, and Administrative Law Judge Earl J. Watts denied his
27   application on August 27, 2004, finding plaintiff was not
     disabled.  A.R. 52-63.
28

burden of establishing a prima facie case of disability." <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1122 (1996); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 416.920(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since April 2, 2007, the application date.  (Step One).  The ALJ then found plaintiff has the following severe impairments:  "asthma, hypertension, joint pain and gastritis" (Step Two); however, he does

not have an impairment or combination of impairments that meets or equals a listed impairment.  (Step Three).  The ALJ next determined plaintiff has no past relevant work.  (Step Four).  Finally, the ALJ concluded plaintiff is able to perform a significant number of jobs in the national economy; therefore, he is not disabled.  (Step Five).

## II

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional, and other limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); see also Valentine v. Commissioner, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift).").  Here, the ALJ found plaintiff has the RFC to perform medium work[2] "except that the [plaintiff] must be able to change position at will; climb, balance, stoop, kneel, crouch and crawl occasionally; and avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation."  A.R. 18.

At Step Five, the burden shifts to the Commissioner to show the claimant can perform a significant number of jobs in the national economy.  Bray v. Astrue, 554 F.3d 1219, 1222 (9th Cir. 2009); Hoopai v. Astrue, 499 F.3d 1071, 1074-75 (9th Cir. 2007).  To meet this burden, the Commissioner "must 'identify specific jobs existing in

---

[2]   Under Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 416.967(c).

1  substantial numbers in the national economy that [the] claimant can

2  perform despite [his] identified limitations.'" <u>Meanel v. Apfel</u>, 172

3  F.3d 1111, 1114 (9th Cir. 1999) (quoting <u>Johnson v. Shalala</u>, 60 F.3d

4  1428, 1432 (9th Cir. 1995)).   There are two ways for the Commissioner

5  to meet this burden: "(1) by the testimony of a vocational expert, or

6  (2) by reference to the Medical Vocational Guidelines ["Grids"] at 20

7  C.F.R. pt. 404, subpt. P, app. 2."[3] <u>Tackett v. Apfel</u>, 180 F.3d 1094,

8  1099 (9th Cir. 1999); <u>Bray</u>, 554 F.3d at 1223 n.4.   However, "[w]hen

9  [the Grids] do not adequately take into account [a] claimant's

10 abilities and limitations, the Grids are to be used only as a

11 framework, and a vocational expert must be consulted." <u>Thomas v.</u>

12 <u>Barnhart</u>, 278 F.3d 947, 960 (9th Cir. 2002); <u>Bray</u>, 554 F.3d at 1223

13 n.4.

14

15     Hypothetical questions posed to a vocational expert must consider

16 all of the claimant's limitations, <u>Valentine</u>, 574 F.3d at 690; <u>Thomas</u>,

17 278 F.3d at 956, and "[t]he ALJ's depiction of the claimant's

18 disability must be accurate, detailed, and supported by the medical

19 record." <u>Tackett</u>, 180 F.3d at 1101.   Here, the ALJ asked vocational

20 expert Susan Green the following hypothetical question:

21

22     [3] The Grids are guidelines setting forth "the types and
23 number of jobs that exist in the national economy for different
   kinds of claimants.   Each rule defines a vocational profile and
24 determines whether sufficient work exists in the national
   economy.   These rules represent the [Commissioner's]
25 determination, arrived at by taking administrative notice of
26 relevant information, that a given number of unskilled jobs exist
   in the national economy that can be performed by persons with
27 each level of residual functional capacity." <u>Chavez v. Dep't of</u>
   <u>Health & Human Servs.</u>, 103 F.3d 849, 851 (9th Cir. 1996)
28 (citations omitted).

1    Let's assume we have a hypothetical person who is 54 and
2    then becomes 55.  So, we're going to have two different
3    situations here.  The first one is 54.  And the next one is
4    55, okay, who has a high school education and no past work,
5    who has no exertional limitations, in other words has no
6    limitation in his ability to lift, carry, stand, walk and
7    sit except that he requires the ability to change position
8    at his own volition.  In other words, if he's sitting and he
9    needs to stand up, he could do so, and so on. . . .  He has
10   no postural limitations, no manipulative limitations, no
11   visual limitations . . . , no communicative limitations.  He
12   would have to avoid concentrated exposure to fumes, odors,
13   dust, gases and poor ventilation.  In addition to that, he
14   would have no severe mental impairment.  Given such a
15   hypothetical, is there any work in the local or national
16   economy that such a person could perform?

18   A.R. 48.  The vocational expert responded that such an individual
19   could work as a cashier II, Dictionary of Occupational Titles ("DOT")
20   no. 211.462-010,[4] and an assembler, DOT no. 712.687-010, A.R. 48-49,
21   both of which are light work.[5]  U.S. Dep't of Labor, Dictionary of

23   [4]  The DOT is the Commissioner's primary source of reliable
24   vocational information.  Johnson, 60 F.3d at 1434 n.6; Terry v.
     Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990).

25   [5]  Under Social Security regulations, "[l]ight work involves
26   lifting no more than 20 pounds at a time with frequent lifting or
     carrying of objects weighing up to 10 pounds.  Even though the
27   weight lifted may be very little, a job is in this category when
     it requires a good deal of walking or standing, or when it
28   involves sitting most of the time with some pushing and pulling

Occupational Titles, 183, 708 (4th ed. 1991).  Based on this
testimony, the ALJ found plaintiff can perform a significant number of
jobs in the national economy.  A.R. 22.


    The plaintiff contends, however, that the ALJ's Step Five
determination is not supported by substantial evidence because the
vocational expert's testimony supports the conclusion that plaintiff
is disabled as of November 5, 2007, when he turned 55 years old.
Specifically, plaintiff argues that since the vocational expert
identified only light work that plaintiff can perform in response to
the ALJ's hypothetical question, plaintiff should be considered
disabled under Rule 202.04 of the Grids, 20 C.F.R. Pt. 404, Subpt. P,
App. 2, Rule 202.04.[6]  See also Cooper v. Sullivan, 880 F.2d 1152,
1157 (9th Cir. 1989) ("[W]here application of the grids directs a
finding of disability, that finding must be accepted by the
[Commissioner].  That is so whether the impairment is exertional or
results from a combination of exertional and nonexertional
limitations.").  The Commissioner acknowledges he has not carried his
burden at Step Five, but argues a remand for further proceedings is
necessary because the vocational expert did not specifically address

---

of arm or leg controls.  To be considered capable of performing a
full or wide range of light work, [the claimant] must have the
ability to do substantially all of these activities."  20 C.F.R.
§ 416.967(b).

    [6]  Rule 202.04 provides that an individual is disabled if
that person is:  of advanced age, which is 55 years old, 20
C.F.R. § 416.963(e); is a high school graduate or more, but whose
degree does not provide for direct entry into skilled work; has
prior unskilled work experience or no experience; and is able to
perform light work.

1   whether plaintiff is able to perform the limited range of medium work

2   set forth in plaintiff's RFC; rather, the vocational expert only

3   provided certain examples of work plaintiff could perform.  <u>See</u> A.R.

4   48 ("Given [the] hypothetical, is there any work in the local or

5   national economy that such a person could perform? . . .  Can you

6   give me an example?").  The plaintiff disagrees, arguing the

7   vocational expert inferentially answered the question of whether

8   plaintiff could perform the limited range of medium work set forth in

9   plaintiff's RFC when, in response to a question about whether

10  plaintiff could perform sedentary work,[7] the vocational expert

11  responded:  "I would say by nature of the definition of sedentary work

12  which requires someone to be seated predominantly six hours a day, if

13  he needs to alternate positions, there would be no sedentary work

14  available to him, only the light."  A.R. 49.

15

16      The Commissioner is correct.  Although Rule 202.04 provides that

17  an individual with plaintiff's education and work experience who is

18  limited to light work is considered disabled as of his 55th birthday,

19  the record does not clearly show that Rule 202.04 applies to

20  ─────────────────────

21      [7]  "'Sedentary work' contemplates work that involves the
    ability to sit through most or all of an eight[-]hour day."

22  <u>Tackett</u>, 180 F.3d at 1103; <u>see also</u> <u>Vertigan v. Halter</u>, 260 F.3d
    1044, 1052 (9th Cir. 2001) ("In a work environment requiring

23  sedentary work, the Social Security Rules require necessary
    sitting to do such for six to eight hours a

24  day."); 20 C.F.R. § 416.967(a) ("Sedentary work involves lifting
    no more than 10 pounds at a time and occasionally lifting or

25  carrying articles like docket files, ledgers, and small tools.
    Although a sedentary job is defined as one which involves

26  sitting, a certain amount of walking and standing is often
    necessary in carrying out job duties.  Jobs are sedentary if

27  walking and standing are required occasionally and other

28  sedentary criteria are met.").

plaintiff.  As the vocational expert's testimony makes clear, her testimony only relates to plaintiff's ability to do sedentary work – not the RFC's limited range of medium work.  Since plaintiff does not challenge the ALJ's RFC assessment that he can perform a limited range of medium work, see Jt. Stip. at 4:3, and the ALJ's hypothetical question to the vocational expert encompassed that RFC, the vocational expert should have discussed whether plaintiff can perform any medium work in the national economy.[8]  Unfortunately, she did not fully respond to the ALJ's hypothetical question, and the ALJ did not further pursue the matter.  Therefore, a remand is required.

## III

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."  42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, remand is the appropriate remedy so the ALJ may provide the vocational expert with a hypothetical question accurately reflecting plaintiff's RFC and properly determining whether plaintiff is able to perform a

---

[8]  Under the Act, an individual with plaintiff's education and prior work experience who can perform **the full range of medium work** is not considered disabled upon reaching his 55th birthday.  20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 203.14. Since plaintiff cannot perform the full range of medium work, A.R. 18, without the testimony of a vocational expert, it is unclear whether plaintiff can perform any medium work in the national economy.

1  significant number of jobs in the national economy – both before and
2  after his 55th birthday.  Vasquez, 572 F.3d at 597; Harman v. Apfel,
3  211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

4

5                              **ORDER**

6       IT IS ORDERED that: (1) plaintiff's request for relief is denied
7  and defendant's request for relief is granted; and (2) the
8  Commissioner's decision is reversed, and the action is remanded to the
9  Social Security Administration for further proceedings consistent with
10 this Opinion and Order, pursuant to sentence four of 42 U.S.C.
11 § 405(g), and Judgment shall be entered accordingly.

12

13 DATE:  _November 18, 2010_           _/S/_ ROSALYN M. CHAPMAN_____
14                                      ROSALYN M. CHAPMAN
                                        UNITED STATES MAGISTRATE JUDGE
15 R&R-MDO\10-0798.mdo
   11/18/10
16
17
18
19
20
21
22
23
24
25
26
27
28